NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| JOHN C. BOYLE | : | |
| Plaintiff, | : | **Hon. Dennis M. Cavanaugh** |
| v. | : | **OPINION** |
| UNITED STATES OF AMERICA, et al, | : | Civil Action No. 08-CV-5700 (DMC) |
| Defendants. | : | |

DENNIS M. CAVANAUGH, U.S.D.J.:

This matter comes before the Court upon motion by the United States of America and the United States Patent and Trademark Office ("USPTO") ("Defendants") for summary judgment as to the claim of negligence asserted by *pro se* Plaintiff John C. Boyle ("Plaintiff"). After carefully considering the parties' submissions, and for the reasons set forth below, Defendants' motion is **granted**.

## I. BACKGROUND

In 2006, Plaintiff filed a patent infringement case in this Court against Molson Coors Brewing Company and Price Waterhouse Coopers, LLP. See Boyle v. Molson Coors Brewing Co., 2007 U.S. Dist. LEXIS 67296 (D.N.J. Sept. 11, 2007), aff'd 2008 U.S. App. LEXIS 7879 (Fed. Cir. Mar. 7, 2008). Plaintiff sought to enforce U.S. Patent No. 6,073,116 ("the '116 Patent"), entitled "Crossfund Investment Process" ("Cross-Fund"). The '116 Patent involves computer-implemented systems and methods, which can be utilized by investors to obtain mutual funds in a foreign currency by swapping rights with a willing coinvestor in another country. In that action, the defendants

moved for summary judgment, and this Court granted the motion. This Court determined that the defendant had not infringed the patent, and that, additionally, the patent was unenforceable as invalid.

Here, Plaintiff asserts that, during the previous litigation he requested that the USPTO provide him with a certified copy of the file for the '116 Patent. He further asserts that the copy (and subsequent certified copies) did not contain computer code that he previously submitted for inclusion in the patent file. Plaintiff asserts that the omission of the computer code occurred due to negligence on the part of the USPTO. He further argues that the USPTO's negligence caused him to lose the above-mentioned patent infringement suit.

Plaintiff brings this action for negligence against the United States and the United States Patent and Trademark Office ("USPTO") pursuant to the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2671, *et seq*.[1]

## II.  STANDARD OF REVIEW

Summary judgment is granted only if all probative materials of record, viewed with all inferences in favor of the non-moving party, demonstrate that there is no genuine issue of material fact and that the movant is entitled to judgment as a matter of law. FED. R. CIV. P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317, 330 (1986). The moving party bears the burden of showing either (1) there is no genuine issue of fact and it must prevail as a matter of law; or (2) that the non-moving party has not shown facts relating to an essential element of the issue for which he bears the burden.

---

[1] On March 18, 2008, Plaintiff filed a FTCA administrative claim with the USPTO alleging that the copies of his patent file provided by the USPTO were incomplete. He asserted a claim substantially similar to the one here. On September 23, 2008, the USPTO denied the claim.

Celotex, 477 U.S. at 331. If either showing is made then the burden shifts to the non-moving party,

who must demonstrate facts that support each element for which he bears the burden and must

establish the existence of genuine issues of material fact. Id. The non-moving party "may not rest

upon the mere allegations or denials of his pleading" to satisfy this burden, FED. R. CIV. P. 56(e), but

must produce sufficient evidence to support a jury verdict in his favor. Matsushita Elec. Indus. Co.

v. Zenith Radio Corp., 475 U.S. 574 (1986). The Court will consider all facts and their reasonable

inferences in the light most favorable to the non-moving party. See Pennsylvania Coal Ass'n v.

Babbitt, 63 F.3d 231, 236 (3d Cir. 1995).

### III.  DISCUSSION

Plaintiff brings this action for negligence against Defendants.  To state a claim for

negligence, Plaintiff must plead:  a duty owed to Plaintiff by Defendants; a breach of that duty; and

an injury to Plaintiff caused by Defendants' breach.[2]

Defendants move for summary judgment, asserting that the alleged acts, even if taken as true,

did not result in any harm to Plaintiff.  Defendants assert that Plaintiff cannot establish a necessary

element of his claim–namely that the allegedly negligent conduct caused injury to Plaintiff.  This

---

[2] A federal court considering a FTCA claim must apply the choice of law rules of the state
in which the act or omission occurred.  See Simon v. United States, 341 F.3d 193, 194-95 (3d
Cir. 2003).  Here, the allegedly tortious act or omission can only have occurred in New Jersey or
the District of Columbia.  In any event, both jurisdictions require the same basic elements of a
negligence claim.  In the District of Columbia, as elsewhere, "[t]o establish negligence a plaintiff
must prove a duty of care owed by the defendant to the plaintiff, a breach of that duty by the
defendant, and damage to the interests of the plaintiff, proximately caused by the breach."
District of Columbia v. Beretta, U.S.A., Corp., 847 A.2d 1127, 1135 n.2 (D.C. 2004) (quoting
District of Columbia v. Harris, 770 A.2d 82, 87 (D.C. 2001)) (quotation marks and alteration
omitted); Siddons v. Cook, 382 N.J. Super. 1 (App. Div. 2005) (finding that a negligence claim
requires a plaintiff to establish (1) a duty owed to Plaintiff by Defendant; (2) a breach of that
duty; and (3) an injury to Plaintiff caused by Defendant's breach).

Court agrees.

For the reasons set forth below, Defendants' motion for summary judgment is granted.

**A.  Applicable Law**

The doctrine of collateral estoppel holds that "once a court has decided an issue of fact or law necessary to its judgment, that decision may preclude relitigation of the issue in a suit on a different cause of action involving a party to the first case."  Allen v. McCurry, 449 U.S. 90, 94 (1980) (internal citation omitted). "Collateral estoppel relieve[s] parties of the cost and vexation of multiple law suits, conserve[s] judicial resources, and, by preventing inconsistent decisions, encourage[s] reliance on adjudication." Davis v. United States Steel Supply, 688 F.2d 166, 174 (3d Cir. 1982) (quoting  Allen v. McCurry, 449 U.S. at 94).

**B.  Analysis**

Defendants assert that the alleged acts, even if taken as true, could not have caused the harm alleged by Plaintiff.   First, Defendant notes that this Court has already determined that "the transaction that Plaintiff challenged in his patent infringement litigation against Molson and PWC was qualitatively different than those described in the patent," and therefore, the '116 patent was not infringed.  Second, this Court also determined that the patent was invalid in light of the prior art, as the transaction at issue "was a multistage transaction, in which a currency swap was utilized to hedge foreign currency fluctuation risks ... [and that t]his was public knowledge long before March 7, 1996."  Defendants assert that Plaintiff is estopped from challenging these two findings.

In light of this Court's findings in the prior litigation, Defendants assert that regardless of any allegedly negligent conduct (i.e., failing to provide a full patent file), Plaintiff still could not have prevailed in the underlying litigation.  Plaintiff, therefore, cannot prove that Defendants' conduct

caused his alleged injury.[3]  As such, Plaintiff cannot establish an essential element of his negligence claim.

        1.  The Allegedly Infringing Transaction was Not within the Scope of Plaintiff's Patent

In the underlying patent infringement litigation, this Court determined that "all of the claims [in Plaintiff's patent] require investment in mutual funds."  Boyle, 2007 U.S. Dist. LEXIS 67296, at *7.  This Court then went on to examine the allegedly infringing transaction (between the Molson and PWC), and determined that the  transaction at issue "did not utilize anything that approache[d the Plaintiff's] claimed invention" in that it did not "utilize[] mutual funds or any other investment vehicle." Id. at 20.[4] Accordingly, the alleged negligence of Defendants in failing to provide Plaintiff with a certified copy of the file for the '116 Patent could not have caused Plaintiff to lose in his original lawsuit.   As this court has already decided an issue of law necessary to its prior judgment–namely that the Defendants there had not infringed Plaintiff's patent–Plaintiff is precluded from relitigating the issue of infringement here.  Allen, 449 U.S. at 94.

Plaintiff cannot establish that any act or omission of Defendants caused the harm alleged (i.e., the loss of the earlier litigation).  Accordingly, Plaintiff cannot establish an essential element of his negligence claim.

        2.  Plaintiff's Patent was Declared Invalid

Defendants also argues that Plaintiff's patent was declared invalid.  This, they assert, is a

---

[3] Defendants make several additional arguments which need not be addressed in light of the Court's determination, as set forth below.

[4] The Court also rejected Plaintiff's assertion that through the doctrine of equivalents the transaction fell within the scope of the patent.

separate and independent basis for rejecting Plaintiff negligence claim. The Court agrees.

In addition to determining that there was no infringement of Plaintiff's patent, this Court previously found Plaintiff's patent to be invalid. The Court determined that the allegedly infringing conduct, use of a "traditional fixed-fixed currency swap," had been occurring "long before [the inventor] claim[ed] to have invented [the] concept." Boyle, 2007 U.S. Dist. LEXIS 67296, at *9. Plaintiff did not dispute this during the previous litigation, and cannot do so here. Id. at 9-10; see also Allen, 449 U.S. at 94. Plaintiff's patent was declared invalid.

In light of the invalidity of Plaintiff's patent claims covering the type of transaction in issue, no alleged negligence on the part of Defendants could have caused the negative finding in the previous litigation. As such, Plaintiff cannot establish an essential element of his negligence claim.

## IV. CONCLUSION

For the reasons stated, Plaintiff cannot establish that Defendants caused the alleged injury. Plaintiff, therefore, cannot establish an essential element of his negligence claim, and Defendants' motion for summary judgment is **granted**.

/S/ Dennis M. Cavanaugh
Dennis M. Cavanaugh, U.S.D.J.

Date:        December    23   , 2009
Original:  Clerk's Office
cc:          All Counsel of Record
               The Honorable Mark Falk, U.S.M.J.
               File